# IN THE COURT OF APPEALS OF IOWA

No. 23-0547
Filed July 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONTA RAPHEAL HALE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,
Judge.

        The defendant maintains the district court should have allowed him to
withdraw his guilty plea.  **APPEAL DISMISSED.**

        Martha J. Lucey, State Appellate Defender, and Travis M. Visser-Armbrust
(until withdrawal), Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, for appellee.

        Considered by Badding, P.J., Chicchelly, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2024).

**POTTERFIELD, Senior Judge.**

While represented by counsel, Donta Hale filed petitions to plead guilty to possession of a controlled substance with intent to deliver (lorazepam), an aggravated misdemeanor, and failure to possess a tax stamp, a class "D" felony. The district court accepted the guilty pleas on the same day—January 19, 2023. On February 6 and 21, Hale filed a pro se "motion to dismiss" and "motion in arrest of [judgment, . . .] to withdraw plea, su[p]press and dismiss," respectively. In response to each, the district court filed an order stating that it took "no action on the motion" because Hale was currently represented by counsel. *See* Iowa Code § 814.6A (2023) (providing "[t]he court shall not consider" the pro se filings of a defendant who is represented by counsel other than for a few exceptions not at issue here).

Hale appeared with counsel at the sentencing hearing. At the beginning of the hearing, he asked the court, "I am told that I can't take back the guilty plea. Is that true?" The court explained that the time to do so had passed and then asked Hale's counsel to weigh in. Counsel explained that, after receiving copies of Hale's pro se motions, she met with him and talked about his concerns. Based on their discussion at those meetings, she concluded there was not a legal basis to file a motion in arrest of judgment. Then Hale handed his attorney a motion that asked the court to remove counsel on the grounds of ineffective assistance and lack of representation. The court reviewed the motion and—after back-and-forth discussion involving Hale, Hale's counsel, the prosecutor, and the court—Hale told the court he wanted to withdraw his request for the removal of counsel and proceed

with sentencing. He was sentenced to prison terms of two years and five years and ordered to serve them concurrently.

Here on appeal, Hale maintains the district court should have allowed him to withdraw his guilty pleas. But Hale does not have a right to appeal from his guilty pleas, so he must establish good cause before we may consider the merits of his complaint. *See State v. Rutherford*, 997 N.W.2d 142, 145 (Iowa 2023) ("[W]e generally lack jurisdiction over direct appeals from guilty pleas" except for "a guilty plea for a class 'A' felony or in a case where the defendant establishes good cause." (quoting Iowa Code § 814.6(1)(a)(3)). Hale ignores the issue of good cause in his appellate brief. *See State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (providing it is the defendant who bears the burden of establishing good cause to pursue an appeal following his guilty plea). And, regardless, our case law prevents us from finding he has good cause. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) (concluding "'good cause' means a 'legally sufficient reason'"); *Tucker*, 959 N.W.2d at 149 ("A legally sufficient reason is a ground that potentially would afford the defendant relief."); *accord Tucker*, 959 N.W.2d at 153 (recognizing the defendant's failure to file a motion in arrest of judgment precludes appellate relief, so the defendant does not have good cause to challenge his guilty plea (citing Iowa R. Crim. P. 2.24(3)(a))).

Because Hale has not established good cause to invoke this court's jurisdiction, we dismiss his appeal.

**APPEAL DISMISSED.**